UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

GEORGE L. JOHNSON, )
)
    *Plaintiff*, )
v. ) No.   1:08-cv-68
) *Chief Judge Curtis L. Collier*
SONYA JOHNSON, MARY JANE WATSON, )
SOUTHEAST TENNESSEE STATE )
REGIONAL CORRECTIONAL FACILITY, )
)
    *Defendants*. )

# **MEMORANDUM**

George L. Johnson ("Johnson") has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Court File No. 1). Johnson brings suit against Sonya Johnson ("Ms. Johnson"); Mary Jane Watson ("Ms. Watson"), and Southeast Tennessee State Regional Correctional Facility ("S.T.S.R.C.F."). Johnson complains that Ms. Johnson and Ms. Watson, staff members who run the kitchen at S.T.S.R.C.F., required him to remove his prescription glasses before entering the kitchen, presumably for work duty. Johnson apparently refused to remove his glasses, was ultimately found guilty for refusing to remove his glasses, and placed "in the hole." (Court File No. 1, p. 5).

Johnson seeks monetary relief, release from prison, and termination of the defendants' employment. However, no service shall issue and for the reasons discussed below, Johnson's complaint will be **DISMISSED** (Court File No. 1). Johnson has paid the $350.00 filing fee.

**I.**     **Standard of Review**

    *A.*     *Pro Se Pleadings*

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113

(1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); LRL Properties, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re *DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted.

> **B.     *Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)***
>
> When screening a prisoner complaint, a district court must examine both § 1915A and § 1915(e)(2). If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). *See In re Tyler*, 110 F.3d [528] 529-30 [(8th Cir. 1997)]. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

**III.    Facts**

Construing the facts in Johnson's favor, the Court discerns that on August 2, 2007, Ms. Johnson and Ms. Watson, reported Johnson for refusing to follow a direct order to remove his prescription glasses while working in the kitchen. Although Johnson informed the defendants the glasses were prescription and showed them the prescription for the glasses, these two ladies ordered him to remove his glasses while, presumably, working in the kitchen and, upon his refusal, reported

3

him for disobeying an order.

On August 9, 2007, Johnson was found guilty for not removing his prescription glasses and was placed "in the hole." Johnson was placed "in the hole knowing that [he] wood [sic] have migraines, blurry vision and severe pain[sic] experienced from the incident that happen [sic] in the year of 06 at S.T.S.R.C.F. when a gang member attacked [him] while on the phone." (Court File No. 1, p. 5).

IV.     Analysis

   A.    *42 U.S.C. § 1983*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg*, 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F3d 459 (7th Cir. 1997).

Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). The Supreme Court has rejected the notion that a "wholly conclusory statement of claim" could survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to

support recovery." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007). Thus, at a minimum, a complaint must include the necessary facts and grounds upon which a particular claim rests. Additionally, to state a § 1983 claim, a plaintiff must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244.

  *B.*  *S.T.S.R.C.F.*

As an initial matter, the Court observes that one of the three defendants named in this action, S.T.S.R.C.F., the prison facility itself, is a non-suable entity. S.T.S.R.C.F. is a state prison facility and not a person or a legal entity which can be sued under 42 U.S.C. § 1983. *See Powell v. Blount County Adult Detention*, 2007 WL 412073 (E.D.Tenn. 2007) ("Blount County Detention . . . is not a suable entity within the meaning of 42 U.S.C. § 1983); *Shoemaker v. Greene County "Jail" Detention Center*, 2007 WL 2159295 (E.D. Tenn. July 26, 2007) ("The Greene County "Jail" Detention Center is a building and not a "person" who can be sued under § 1983."); *Seals v. Grainger County Jail*, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983"); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) (county sheriff's department is not a suable entity under § 1983); and *Williams v. Baxter*, 536 F. Supp. 13, 16 (E.D. Tenn. 1981) (city police department is not a suable entity under § 1983). Accordingly, this defendant will be **DISMISSED**.

  *C.*  ***Eighth Amendment Claim***

Johnson's complaint is confusing and difficult to decipher. Johnson's claims are virtually indecipherable and his complaint fails to clearly identify a constitutional violation. The Court discerns that Johnson is attempting to raise an Eighth Amendment claim. Johnson contends the two

5

remaining defendants, Ms. Johnson and Ms. Watson, were deliberately indifferent when they prohibited him from wearing his prescription glasses while working in the kitchen.

The Eighth Amendment protects individuals against the infliction of "cruel and unusual punishments." U.S. const. amend. VIII. This protection, enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement. In this regard, "prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). The confinement of inmates in unsafe conditions constitutes "cruel and unusual punishment." *Helling v. McKinney*, 509 U.s. 25, 33 (1993).

As previously observed, Johnson's complaint is difficult to decipher. He claims the defendants were deliberately indifferent but he has failed to explain how this behavior violated his constitutional rights. Consequently, as explained below, Johnson's complaint regarding his write-up and punishment falls short of supporting a constitutional claim.

Assuming Johnson is claiming the defendants exposed him to a substantial risk of serious harm when they required him to remove his glasses to enter the kitchen, he has failed to provide any factual support demonstrating any substantial risk of serious harm, thus, he has failed to allege, much less demonstrate an Eighth Amendment violation. There is nothing in the record to reflect that it was a medical necessity for Johnson to wear his glasses into the kitchen or that requiring him to remove his glasses posed a substantial risk of harm to Johnson.

To prevail on an Eighth Amendment claim, Johnson must show he was incarcerated under

conditions posing a substantial risk of serious harm and the prison officials subjectively knew of and disregarded that safety risk. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Johnson has not provided any facts demonstrating that Defendants perceived a risk of harm and then disregarded it, thus, exhibiting deliberate indifference to Johnson's substantial risk of serious harm. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001), *cert. denied*, 537 U.S. 817 (2002). There is no evidence before the Court demonstrating these prison employees knew of and disregarded an excessive risk to Johnson's health or safety when they required him to remove his prescription glasses. *Farmer v. Brennan*, 511 U.S. 825, 5834 (1994) (Prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmates health or safety).

Johnson has failed to factually support his claim and the absence of proof demonstrating an urgent medical need which required him to wear his glasses in the kitchen and the absence of facts showing the defendants acted with a sufficiently culpable state of mind, has resulted in a failure to allege a constitutional violation. Since it would not be apparent to a reasonable person in the defendants' position to know that prohibiting a person from wearing their prescription glasses created a substantial risk of danger and since Johnson has not demonstrated that prohibiting him from wearing his glasses created a substantial risk of danger, Ms. Johnson and Ms. Watson cannot be held liable under the Eighth Amendment.

Although Johnson contends S.T.S.R.C.F. knew he had prescription glasses and, presumably knew that if he did not wear his glasses he would suffer with migraines, blurry vision, and severe pain,[1] he does not claim that either Ms. Johnson or Ms. Watson had this knowledge (Court File No.

---

[1] The complaint indicates that the migraines, blurry vision, and severe pain were the results from an incident that occurred in 2006 when Johnson was attacked by a gang member.

7

1, p. 5).² Consequently, Johnson's allegation as to the prison's knowledge does not demonstrate either Ms. Johnson or Ms. Watson was deliberately indifferent to Johnson's presumed substantial risk of harm. The Eighth Amendment "embodies . . . concepts of dignity, civilized standards, humanity, and decency . . . . [R]epugnant to the Eighth Amendment [are] punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) Based on the record before the Court, any discomfort experienced by Johnson when he was prohibited from wearing his glasses in the kitchen simply is not serious enough to violate the standards of decency that mark our society and is not an Eighth Amendment violation. Thus, the complaint does not state an actionable Eighth Amendment violation.

To the extent Johnson is attempting to raise a due process violation, he cannot prevail on this claim. In *Sandin*, the Supreme Court found due process implicated only when prison discipline "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The proof before this Court demonstrates neither the order for Johnson to remove his glasses while in the kitchen nor his punishment, constitute an atypical and significant hardship. Placement in "the hole" for failure to follow an order does not present an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and therefore fails to state a claim for relief under § 1983. *Sandin v. Conner,* 515 U.S. 472, 484 (1995). "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id*. at 485. Therefore, to the extent Johnson is challenging the discipline he received, he has failed to state

---

²S.T.S.R.C.F. has been dismissed from this lawsuit.

a claim.

In summary, Johnson has failed to raise any claim that rises to a constitutional violation. Johnson's claim fails to show the defendants' actions constituted an unnecessary and wanton infliction of pain. Accordingly, the complaint will be **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A and 1915(e)(Court File No. 1).

An appropriate judgment will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**